An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD KENNETH COLUCCI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64220

**FILED**

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to an *Alford* plea, of child abuse and neglect, child abuse and neglect with substantial mental harm, and two counts of child abuse and neglect with substantial bodily harm. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Edward Kenneth Colucci contends that the district court abused its discretion by denying his presentence motion to withdraw his *Alford* plea. Colucci claims that the district court's plea canvass was inadequate and his plea was not validly entered because he "did not make a knowing and voluntary waiver of his constitutional rights or understand the charges against him."[1] In his motion below, Colucci claimed that he entered his plea involuntarily "based on misrepresentations made to him

---

[1]Colucci was initially bound over and charged by criminal information with three counts of robbery, two counts of child abuse and neglect with substantial bodily harm, two counts of first-degree kidnapping, second-degree kidnapping, child abuse and neglect, child abuse and neglect with substantial mental harm, battery with the use of a deadly weapon, battery with substantial bodily harm, and battery constituting domestic violence-strangulation.

by his counsel." *See Ford v. Warden*, 111 Nev. 872, 884, 901 P.2d 123, 130 (1995) (holding that an appellant "cannot change [his] theory underlying an assignment of error on appeal"). We conclude that Colucci is not entitled to relief.

"District courts may grant a motion to withdraw a guilty plea prior to sentencing for any substantial, fair, and just reason." *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001); *see* NRS 176.165. Here, the district court conducted an evidentiary hearing and heard testimony from Colucci and his former counsel, John Momot. Momot testified that he met 57 times with Colucci prior to the entry of his plea and provided documentation indicating that he reviewed multiple plea offers by the State with him. The district court specifically found "that [what] we saw today really emphasize[s] the care that was taken by Mr. Momot's office to go over what the charges were and what he would be pleading to." The district court determined that "after listening to all the evidence" and reviewing the plea agreement memorandum and oral plea canvass, "it does appear to me that this plea was knowingly and voluntarily entered." *See Molina v. State*, 120 Nev. 185, 191, 87 P.3d 533, 537-38 (2004) ("A district court must examine the totality of the circumstances to determine whether a defendant entered his plea voluntarily, knowingly, and intelligently."). Our review of the record reveals that Colucci failed to either provide a substantial, fair, and just reason which required the withdrawal of his plea, *see Crawford*, 117 Nev. at 721, 30 P.3d at 1125, or demonstrate that counsel's performance was deficient, *see Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1405-06 (2012); *Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1384 (2012).

Therefore, because Colucci failed to satisfy his burden and prove that his plea was invalid, *see Molina*, 120 Nev. at 190, 87 P.3d at 537, we conclude that the district court did not abuse its discretion by denying his motion, *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Douglas

_____ , J.
Cherry

cc: Hon. Elissa F. Cadish, District Judge
  Clark County Public Defender
  Attorney General/Carson City
  Clark County District Attorney
  Eighth District Court Clerk